No. 10-10600-CC

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

KEITH EDWARD OLMEDA,
Defendant-Appellant.

A Direct Appeal of a Criminal Case
From the United States District Court
for the Northern District of Florida, Gainesville Division
District Court Case No. 1:09cr30-SPM

BRIEF FOR APPELLANT

Randolph P. Murrell
Federal Public Defender
By: Chet Kaufman
Assistant Federal Public Defender
Florida Bar No. 814253
227 N. Bronough Street, Ste. 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
Attorney for Appellant

No. 10-10600-CC

United States v.  Keith E. Olmeda

<u>CERTIFICATE OF INTERESTED PERSONS</u>

The following are persons with an interest in the outcome of this case:

Johnson, Darren James: Assistant Federal Public Defender

Kaufman, Chet: Assistant Federal Public Defender

Kirwin, Thomas F.: Acting U.S. Attorney

Kornblum, Allan: Magistrate Judge

Mickle, Stephan P.: U.S. District Judge

Miller, Gregory: Former U.S. Attorney

Moine, Pamela: Assistant U.S. Attorney

Murrell, Randolph P.: Federal Public Defender

Olmeda, Keith Edward: Appellant

Reed, David G.: U.S. Probation Officer

Register, III, Lennard B.: Assistant U.S. Attorney

Williams, Francis Todd: Assistant U.S. Attorney

Wilson III, E. Bryan: Assistant U.S. Attorney

C 1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant leaves oral argument to this Court's discretion.

## TABLE OF CONTENTS AND CITATIONS

<u>Contents</u>                                                              <u>Page</u>

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       (i)    <u>Nature of the Case and Statement of Incarceration</u>. . . . . . . . . . . . . . 3

       (ii)   <u>Course of Proceedings and Dispositions in the Court Below</u>. . . . . . 3

       (iii)  <u>Statement of the Facts</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       (iv)  <u>Standard of Review</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      WHETHER THE DISTRICT COURT COMMITTED
      REVERSIBLE PLAIN ERROR IN VIOLATION OF
      FEDERAL RULE OF CRIMINAL PROCEDURE 11 FOR
      FAILING TO EXPLAIN TO MR. OLMEDA THAT HE
      FACED A MAXIMUM SENTENCE OF 150 YEARS'
      IMPRISONMENT, THE SENTENCE THAT WAS
      ACTUALLY IMPOSED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

## TABLE OF CITATIONS

**Supreme Court**

McCarthy v. United States, 394 U.S. 459, 89 S. Ct. 1166,
    22 L. Ed. 2d 418 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

United States v. Dominguez Benitez, 542 U.S. 74, 124 S. Ct. 2333,
    159 L. Ed. 2d 157 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

United States v. Olano, 507 U.S. 725, 113 S. Ct. 1770,
    123 L. Ed. 2d 508 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Circuit Courts of Appeals**

Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973). . . . . . . . . . . . . . . . . . . . . 20

United States v. Burney, 75 F.3d 442 (8th Cir. 1996). . . . . . . . . . . . . . . . . . . 22-24

United States v. Camacho, 233 F.3d 1308 (11th Cir. 2000). . . . . . . . . . . . . . 17, 21

United States v. Vermeulen, 436 F.2d 72 (2nd Cir. 1975). . . . . . . . . . . . . . . . . . 21

United States v. Brown, 586 F.3d 1342 (11th Cir. 2009). . . . . . . . . . . . . . . . . . . . 17

United States v. Hernandez-Fraire, 208 F.3d 945 (11th Cir. 2000). . . . . . . . 7, 12, 13

United States v. Humphrey, 164 F.3d 585 (11th Cir. 1999). . . . . . 12, 16-18, 20, 21

United States v. James, 210 F.3d 1342 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . 7

United States v. Jones, 143 F.3d 1417 (11th Cir. 1998). . . . . . . . . . . . . . . 12-14, 18

United States v. Monroe, 353 F.3d 1346 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . 12

United States v. Moriarty, 429 F.3d 1012 (11th Cir. 2005). . . . . . . . . . . . . . . . . . 13

iii

United States v. Nelson, No. 09-12853,
2010 WL 841375 (11th Cir. Mar. 12, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Oliver, 281 Fed. App'x. 898,
2008 WL 2404740 (11th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

United States v. Quinones, 97 F.3d 473 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . 12

United States v. Saldana-Flores, No. 08-15589,
327 Fed. App'x. 182 (11th Cir. June 5, 2009) . . . . . . . . . . . . . . . . . . . . . . 18

* United States v. Siegel, 102 F.3d 477 (11th Cir. 1996). . . . . . . . . . . . . 12, 16, 17, 20

## **Statutes**

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 2251(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

18 U.S.C. § 2253. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## **Guidelines**

USSG § 5G1.2(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 19

## **Rules**

Fed. R. Crim. P. 11. . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6, 9, 11, 12, 14, 16, 17, 19-21

* Fed. R. Crim. P. 11(b)(1)(H) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iv

## **Other Authorities**

Webster's Third International Dictionary 713 (unabridged 2002 ed.). . . . . . . . . . 22

## TABLE OF RECORD REFERENCES IN THE BRIEF

<u>Docket #</u>                                                                    <u>Brief Page #</u>

1           Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17          Consent to Plea Before Magistrate Judge.. . . . . . . . . . . . . . . . . . . . . 3

18          Plea Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

19          Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20          Report and Recommendation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

22          Acceptance of Guilty Plea. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

24          Defendant's Sentencing Memorandum. . . . . . . . . . . . . . . . . . . . . . . 6

25          Response by USA to Defendant's Memorandum.. . . . . . . . . . . . . . . 6

26          Defendant's Supplemental Sentencing Memorandum. . . . . . . . . . . . 6

28          Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

30          Notice of Appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

39          Change of Plea Transcript. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

40          Sentencing Transcript. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 6

Sealed Exh.  Pre-Sentence Investigation Report. . . . . . . . . . . . . . . . . . 4-6, 8, 18, 19

<u>STATEMENT OF JURISDICTION</u>

The United States District Court, Northern District of Florida, Gainesville Division, had jurisdiction pursuant to 18 U.S.C. § 3231.  Following entry of felony guilty pleas on November 12, 2009, R39P1-28, the district court orally imposed judgment and sentence on February 1, 2010, R40P1-16, and entered written judgment and sentence on February 8, 2010, R28P1-8.  Appellant filed a notice of appeal on February 8, 2010.  R30P1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291, which provides that the court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States except where a direct review may be taken to the Supreme Court.

1

## STATEMENT OF THE ISSUE

WHETHER THE DISTRICT COURT COMMITTED REVERSIBLE PLAIN ERROR IN VIOLATION OF FEDERAL RULE OF CRIMINAL PROCEDURE 11 FOR FAILING TO EXPLAIN TO MR. OLMEDA THAT HE FACED A MAXIMUM SENTENCE OF 150 YEARS' IMPRISONMENT, THE SENTENCE THAT WAS ACTUALLY IMPOSED

## STATEMENT OF THE CASE

(i)    Nature of the Case and Statement of Incarceration

This is the direct appeal of a felony judgment and sentence of imprisonment. Appellant is incarcerated.

(ii)    Course of Proceedings and Dispositions in the Court Below

On September 23, 2009, a federal grand jury charged Mr. Olmeda with five counts of production of child pornography in violation of 18 U.S.C. § 2251(a) & (e). Each count charged a separate act committed between August 11 and September 10, 2006. The indictment also sought forfeiture under 18 U.S.C. § 2253. R1P1-5.

With the assistance of counsel, Mr. Olmeda pleaded guilty pursuant to a written plea agreement. R18P1-5. He entered his pleas before a magistrate judge after giving his written consent to do so. R17. The magistrate judge recommended that the plea be accepted, R20, and the district court did so, R22. The district court sentenced Mr. Olmeda to 150 years' imprisonment, imposing the statutory maximum punishment of 30 years' imprisonment on each count, to be run consecutively. The district court also imposed a life term of supervised release and ordered Mr. Olmeda to pay $500 in a special monetary assessment. R28P1-8; R40P1-16.

3

(iii)    Statement of the Facts

Mr. Olmeda sexually assaulted a male child and his three sisters, all of whom were between five and ten years of age.   On five separate occasions, he video-recorded the children engaged in sexual activity with himself as well as among themselves.   He could be heard directing the children, who referred to him as "Dad" in the videos.   The recordings were recovered and formed the basis of this case.   In subsequent interviews, the children said he had threatened to kill them if they told anyone about what he had done.   PSR ¶¶ 5-13; R19P1-3.

Mr. Olmeda signed a plea agreement in which he agreed to plead guilty to all five counts.   With respect to the maximum possible sentence, the agreement said:

> each count [is] being punishable by a minimum of fifteen (15) years imprisonment and a maximum possible penalty of thirty (30) years imprisonment, a $250,000.00 fine, 5 years to life on supervised release pursuant to Title 18, U.S.C., Section 3583(k), and a $100.000 special monetary assessment.

R18P1.   It made no reference anywhere else to quantify the true maximum permissible sentence by discussing the possibility that five 30-year sentences could be required to be served consecutively, amounting to a true maximum permissible sentence of 150 years.   The only other related reference noted that the sentence "is restricted only by statutory provisions and the Sentencing Guidelines."   R18P2.

At the change of plea hearing conducted under the authority of Federal Rule

of Criminal Procedure 11, the district court addressed the possible maximum

imprisonment term that could be imposed:

> THE COURT: I'm now going to discuss with you the penalties
> that you face if your plea of guilty is accepted.
> The penalty you face on each of the five counts of the indictment
> is a minimum of at least 15 years to a maximum of 30 years
> imprisonment, followed by five years to life of supervised release and
> a fine of $250,000 as well as a $100 special monetary assessment. Do
> you understand these penalties, Mr. Olmeda?
> THE DEFENDANT: Yes.

R39P12-13. The prosecutor later qualified that by pointing out "the fact that Mr.

Olmeda is entering a plea to charges that carry a minimum mandatory of 15 years."

R39P22. As with the plea agreement, no reference was made to suggest the possibility

of consecutive sentences.

The PSR was similar. On the first page, it said "Maximum Penalties: 15 to 30

years imprisonment ..." Later, in setting forth the court's sentencing options, it said

the statutory "minimum term of imprisonment for Counts 1-5 is 15 years, and the

maximum term of imprisonment is 30 years pursuant to 18 U.S.C. § 2251(e)." PSR

¶ 61. The guidelines range was life, however, so the probation officer said that under

USSG § 5G1.2(d), "if the sentence imposed on the count carrying the highest statutory

maximum is less than the total punishment, then the sentence imposed on one of more

5

of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." PSR ¶ 62. No objections were lodged. PSR ¶¶ 83-84.

None of the sentencing memoranda submitted by Mr. Olmeda's attorney or the prosecutor specifically mentioned consecutive sentencing or 150 years' imprisonment. Mr. Olmeda's attorney asked for a "concurrent sentence" of 360 months' imprisonment, R24P1-9; R26P3, and the Government asked for "a sentence in accordance with the Sentencing Guidelines and the factors set forth in Title 18 United States Code, Section 3553(a)," R25P3. It wasn't until the sentencing hearing that "consecutive" sentencing was openly discussed. R40P3-4. Mr. Olmeda's attorney again asked for a sentence of 360 months' imprisonment, R40P3, and the Government asked for "a sentence that eliminates any risk," R40P10. The record does not disclose either whether counsel had informed Mr. Olmeda that he faced a possible 150-year sentence, or what Mr. Olmeda actually knew. Mr. Olmeda did not move to withdraw his plea.

(iv)    Standard of Review

This Court reviews violations of Federal Rule of Criminal Procedure 11 for plain error when the defendant did not raise any Rule 11 issues before the district

court.  <u>United States v. James</u>, 210 F.3d 1342, 1343 (11th Cir. 2000); <u>United States v. Hernandez-Fraire</u>, 208 F.3d 945, 949-51 (11th Cir. 2000).

## SUMMARY OF THE ARGUMENT

The record does not confirm that Mr. Olmeda understood he could face a sentence of 150 years. Although he was told that "each" count has a maximum permissible punishment of 30 years, the district court did not explicitly advise or explain that five consecutive terms of 30 years could be imposed, amounting to 150 years' imprisonment.

The PSR did alert him to the guidelines range of life, but the PSR also stated that the statutory maximum punishment was 30 years' imprisonment. It would be unreasonable to assume that the highly technical legal phrasing the PSR, which mimicked the technical language of the guidelines, would be understood by Mr. Olmeda, a layman, to mean he was exposed to 150 years' imprisonment. After all, Mr. Olmeda was a high school graduate who for years had been doing menial work as a store clerk, fast food cook, and landscaper, and he had no experience with felony criminal sentencing.

The only attempt to forewarn Mr. Olmeda of the possible 150-year sentence that can be confirmed by the record was the use of the word "each" in the plea agreement and plea colloquy. As commonly understood, "each" means being one of two or more distinct individuals having a similar relation and often constituting an aggregate. Nothing in the definition of the word, or in the context it was used,

8

conveyed the message to a layman of Mr. Olmeda's background that "each" may be added together or made consecutive or cumulative.

This Court should presume prejudice, i.e. a reasonable probability that, but for the error, he would not have entered the pleas. Being aware of the ultimate consequence of a guilty plea – the potential maximum punishment – is the single most important core concern embodied in Rule 11. Advisement of the constitutional rights one is foregoing by pleading is, of course, important. But those are procedural rights. Here we are talking about a substantive deprivation of life or liberty. Presuming prejudice from a violation about that substantive issue makes sense.

But whether the prejudice is presumed or must be established, the reasonable probability that he would not have entered the plea but for the error can be inferred from this record. The district court inadequately advised Mr. Olmeda and failed to confirm on the record that he understood his actual maximum sentencing exposure. The totality of the record does not confirm that he knew 150 years' imprisonment was possible. The sentence here exceeded by 120 years the maximum term that had been explicitly mentioned to him at the plea colloquy. Mr. Olmeda got the maximum sentence possible and could have done no worse going to trial. It is at least questionable that he would have pleaded guilty straight up to five counts with a maximum sentence of 30 years if he knew they could be stacked on top of each other

9

to produce a 150-year sentence. Nothing in the record confirms that he knew of this possibility. Under these circumstances, it is fair to infer the reasonable probability that he would not have pleaded guilty straight up to all five counts.

ARGUMENT

> WHETHER THE DISTRICT COURT COMMITTED
> REVERSIBLE PLAIN ERROR IN VIOLATION OF
> FEDERAL RULE OF CRIMINAL PROCEDURE 11 FOR
> FAILING TO EXPLAIN TO MR. OLMEDA THAT HE
> FACED A MAXIMUM SENTENCE OF 150 YEARS'
> IMPRISONMENT, THE SENTENCE THAT WAS
> ACTUALLY IMPOSED

At issue here is the requirement of Federal Rule of Criminal Procedure 11(b)(1)(H) that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release." A fair and reasonable reading of this record demonstrates that the district court did not explicitly advise Mr. Olmeda that he faced a maximum possible prison term of 150 years. The record also does not confirm that Mr. Olmeda understood he could face a sentence of 150 years. Although he was told that "each" count has a maximum permissible punishment of 30 years, the district court did not explicitly advise or explain that five consecutive terms of 30 years could be imposed, amounting to 150 years' imprisonment. Because he was sentenced to a term 120 years greater than what the record confirms he understood, this Court should find a reasonable probability that, but for the error, he would not have entered the pleas. The court's failure to explicitly inform Mr. Olmeda and to ensure the record confirms he actually understood

11

his maximum exposure amounts to reversible plain error that affected Mr. Olmeda's substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings.

Many times this Court has said that Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea. "When accepting a guilty plea, a court must address three core concerns underlying Rule 11: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000) (quoting United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998), which was quoting United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996)).

The record "must confirm that the defendant is aware of the consequences of his guilty plea." United States v. Humphrey, 164 F.3d 585, 587 (11th Cir. 1999). This is one of the "core concerns" of Rule 11. United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003); Hernandez-Fraire, 208 F.3d at 949 (11th Cir. 2000); United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996) (reversible plain error for failing to inform defendant of nature of charge). To satisfy this concern, a district court must make its Rule 11 advisements "explicitly." Hernandez-Fraire, 208 F.3d at 950. "The

12

requirements of Rule 11 are not aspirational but mandatory, and deserve the careful attention of the district courts." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). "In considering whether a Rule 11 error occurred or prejudiced a defendant, we may consider the whole record, not just the plea colloquy." Moriarty, 429 F.3d at 1020 n.4; see also United States v. Jones, 143 F.3d 1417 (11th Cir. 1998) (considering the plea agreement as part of the record in determining whether the accused had been made aware of the mandatory minimum sentence to which he was exposed).

> When as here, no objection had been made in the trial court,

> this court will review the district court's holding for plain error. See United States v. Wiggins, 131 F.3d 1440, 1441-42 (11th Cir. 1997); United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996). Plain error is error that is clear or obvious and affects substantial rights. See Wiggins, 131 F.3d at 1442 n. 1; Quinones, 97 F.3d at 475. On plain error review, the defendant bears the burden of persuasion with respect to prejudice. See Wiggins, 131 F.3d at 1442 n. 1; Quinones, 97 F.3d at 475. A district court's failure to address a core concern of Rule 11 constitutes plain error. See Quinones, 97 F.3d at 475.

Hernandez-Fraire, 208 F.3d at 949 (holding that failure to advise defendant of numerous rights was reversible plain error). The record must establish "a reasonable probability that, but for the error, he would not have entered the plea. A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the

outcome' of the proceeding." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157, ___ (2004).

Dominguez Benitez and like cases typically apply that burden when the district court omitted to explain one or more of the constitutional rights a defendant is waiving by entering a guilty plea. Appellant suggests that the burden of proving a reasonable probability should not be applied in precisely the same manner where, like here, the error involves the defendant's understanding of the maximum punishment he faces. Being aware of the ultimate consequence of a guilty plea – the potential maximum punishment – is the single most important core concern embodied in Rule 11. Advisement of the constitutional  rights one is foregoing by pleading is, of course, important. But those are procedural rights. Here we are talking about a substantive deprivation of life or liberty. Presuming prejudice from a violation about that substantive issue makes sense. This would be consistent with this Court's observation that "[t]he Eleventh Circuit places a greater emphasis than other circuits on the three 'core principles' addressed by Rule 11." United States v. Jones, 143 F.3d 1417, 1419-20 (11th Cir.  1998).

The Supreme Court appears to have left open the possibility of presumed prejudice. In United States v. Olano, 507 U.S. 725, 735, 113 S. Ct. 1770, 1778, 123 L. Ed. 2d 508, ___ (1993), it declined to "address those errors that should be presumed

prejudicial if the defendant cannot make a specific showing of prejudice." <u>Dominguez Benitez</u> closed the door to a presumption of prejudice only when the district court erroneously omitted from its advisement one of the defendant's constitutional rights that would be waived by a guilty plea.

But whether the prejudice is presumed or must be established, the reasonable probability that Mr. Olmeda would not have entered the plea but for the error can be inferred from this record. The district court inadequately advised Mr. Olmeda and failed to confirm on the record that he understood his actual maximum sentencing exposure. The totality of the record does not confirm that he knew 150 years' imprisonment was possible. The sentence here exceeded by 120 years the maximum term that had been explicitly mentioned to him at the plea colloquy. Mr. Olmeda got the maximum sentence possible and could have done no worse going to trial. It is at least questionable that he would have pleaded guilty straight up to five counts with a maximum sentence of 30 years if he knew they could be stacked on top of each other to produce a 150-year sentence. Nothing in the record confirms that he knew of this possibility. Under these circumstances, it is fair to infer the reasonable probability that he would not have pleaded guilty straight up to all five counts.

15

The closest case in this Circuit appears to be <u>United States v. Siegel</u>, 102 F.3d 477 (11th Cir. 1996).[1]  Siegel was sentenced to a total of 540 months' imprisonment on eight guilty pleas.  This Court vacated guilty pleas on five counts, as well as the entire sentence, because the district court failed to inform him of the maximum and mandatory consecutive punishments he cumulatively faced, in violation of Rule 11. The reversible error most analogous to the instant case was "the district court's failure to personally inform Siegel" that "he would be required to serve a twenty-year mandatory minimum sentence" on Count Eight, "to be served consecutively to the sentences imposed on Counts One through Seven." <u>Id.</u> at 482.  This Court also found reversible the district court's failure to personally inform him of a five-year mandatory minimum sentence on Count Seven and the 240-month maximums on each of Count Four, Five, and Six.  <u>Id</u>.  The district court ultimately imposed each of the sentences it had failed to fully discuss.

This Court factually distinguished <u>Siegel</u> in <u>United States v. Humphrey</u>, 164 F.3d 585, 587 (11th Cir. 1999).  Humphrey was sentenced to two five-year terms that, by law, had to be served consecutively.  The district court in its plea colloquy failed to inform Humphrey that consecutive sentencing was mandatory, and Humphrey

---

[1] Although <u>Siegel</u> dealt with a motion to withdraw his pleas, the analysis as to whether a Rule 11 error had been committed was the same as required here.

appealed as a plain error violation of Rule 11.  This Court rejected the appeal, finding that <u>Siegel</u> was factually different and therefore had not established a controlling rule. <u>Id</u>. at 588.

Indeed, <u>Siegel</u> was factually different than <u>Humphrey</u> because Humphrey's PSR informed him that he would face consecutive sentences.  <u>Id</u>. at 587.  That distinction aligns <u>Humphrey</u> with cases in which this Court has held that a correct statement of the maximum possible punishment in a PSR or plea agreement can remedy the district court's failure at the plea colloquy to identify the defendant's maximum punishment exposure.  For example, in <u>United States v. Brown</u>, 586 F.3d 1342 (11th Cir. 2009), this Court held that a plainly erroneous plea colloquy, which misinformed the defendant that his maximum permissible term of supervised release was three years, was effectively cured when, six weeks before sentencing, the PSR correctly identified the possible supervised release term as being five years to life.  In <u>United States v. Camacho</u>, 233 F.3d 1308 (11th Cir.  2000), the defendant's plea agreement stated that the maximum punishment on Count Five was 40 years, but at the plea colloquy, the district court inadvertently erred by informing the defendant his exposure on that count was 340 years.  This Court found no reversible error, relying on the plea agreement and the fact that the mistaken maximum was "so far above any reasonable sentence that it cannot be said to have likely confused Appellant."  <u>Id</u> at 1319.  In

17

United States v. Jones, 143 F.3d 1417 (11th Cir. 1998), this Court found that the district court's failure at plea colloquy to advise the defendant of a minimum mandatory sentence was error, but it had been nullified by a written plea agreement that stated the mandatory minimum.  See also United States v. Nelson, No. 09-12853, 2010 WL 841375 (11th Cir. Mar. 12, 2010) (finding plain error but no prejudice when Nelson was misinformed in the plea colloquy and plea agreement that his exposure to supervised release was five years, but the PSR correctly identified the maximum term as 25 years); United States v. Saldana-Flores, No. 08-15589, 327 Fed. App'x. 182 (11th Cir. June 5, 2009) (holding that error in giving misadvice at the plea colloquy as to the possible length of supervised release was nullified by telling defendant he could be – and then was – sentenced to life imprisonment without parole); United States v. Oliver, 281 Fed. App'x. 898, 900-01, 2008 WL 2404740, __ (11th Cir. 2008) (citing Humphrey to find no reversible plain error even though the plea agreement did not mention consecutive sentences because at the change-of-plea hearing, the district court specifically stated that it was possible that the sentences could run consecutively.)

The Humphrey line of cases does not aid the Government here because neither Mr. Olmeda's PSR nor his plea agreement mentioned a possible 150-year sentence. On the two occasions when the PSR explicitly set forth the "maximum" term of imprisonment, it said the maximum was 30 years' imprisonment, and did not even

18

include an "each count" qualification.  The only mention of consecutive prison sentences in either document appeared in the PSR where the probation officer identified the guidelines imprisonment range as "life," and said consecutive sentences could be imposed to "produce a combined sentence equal to the total punishment." PSR ¶ 62.  This reference was insufficient to apprise Mr. Olmeda of the potential consequences of his plea after he pleaded.

True, the PSR did alert him to the guidelines range of life.  But the very same PSR advised him that the statutory maximum punishment was 30 years' imprisonment, and it did not tell him what "total punishment" meant.  It would be unreasonable to assume that the highly technical legal phrasing in PSR ¶ 62, which mimicked USSG § 5G1.2(d), would be understood by Mr. Olmeda, a layman, to mean he was exposed to 150 years' imprisonment.  After all, Mr. Olmeda was a high school graduate who for years had been doing menial work as a store clerk,  fast food cook, and landscaper, and he had no experience with felony criminal sentencing.  See PSR ¶¶ 43-45, 54-56.

Presumably that language was understood by Mr. Olmeda's counsel, but it is Mr. Olmeda's personal understanding, not that of his lawyer, that Rule 11 addresses, and the record contains nothing to show that Mr. Olmeda had been appropriately forewarned of the possible maximum punishment of 150 years' imprisonment.  This

19

is not a case of mere misapprehension of the guidelines; it is a case where he was not told what the ultimate sentence could be.

Siegel and the plain language of Rule 11 should be considered controlling.

Appellant nonetheless recognizes that some of Humphrey's reasoning requires further analysis to reconcile. The Court in Siegel looked to other circuits and noted that in varying degrees, many had not explicitly required informing a defendant about the consecutive nature of multiple sentences. 164 F.3d at 587 n.2. In one of the cited cases, Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973), the Third Circuit acknowledged that no such mandatory rule existed 37 years ago and none would be rigidly required. Nonetheless, "it would be advisable for district courts to explicitly state that sentences can be consecutive" in future cases. Id. at 415. The court further suggested that such advisement might be necessary in some cases because "the inquiry required by Rule 11 must necessarily vary from case to case, and '[m]atters of reality, and not mere ritual, should be controlling.'" Id. at 415 (quoting McCarthy v. United States, 394 U.S. 459, 467 n. 20, 89 S. Ct. 1166, 1171 n.20, 22 L. Ed. 2d 418, ___ (1969) (rejecting the Government's contention that Rule 11 can be complied with when the district judge does not personally inquire whether the defendant understood the nature of the charge)). This Court similarly has held that the level of inquiry to

ensure that a defendant understands the consequences of his plea "varies from case to case." <u>United States v. Camacho</u>, 233 F.3d 1308, 1314 (11th Cir. 2000).

This case presents an extraordinary situation. Mr. Olmeda's statutory maximum sentence quintupled, from 30 years to 150 years, because of consecutive sentencing, a legal possibility of which he had not been personally informed by the district court. When there is a possibility that a sentence reaching – and in this case exceeding – one's life span may be imposed, that "matter of reality," as <u>McCarthy</u> put it, should compel the district court to personally explain that possibility to the defendant. At the very least, the record "must confirm that the defendant is aware of" that consequence. <u>Humphrey</u>, 164 F.3d at 587.

Another case cited in <u>Humphrey</u> is worth comparing and distinguishing. In <u>United States v. Vermeulen</u>, 436 F.2d 72, 75 (2nd Cir. 1975), the court reviewed two guilty pleas for which consecutive five-year sentences were imposed. The defendant asserted that Rule 11 had not been violated because the district court did not expressly use the term "consecutive" in its colloquy to explain the maximum possible punishment. The Second Circuit, however, said the district court came close enough by telling him he "could receive imprisonment and a fine on conviction of count one and 'also' a similar prison sentence and a fine on conviction of count two." <u>Id.</u> at 75.

That phrasing sufficiently created "reasonable means to determine a defendant's comprehension of the consequences of his plea." Id.

No similar terminology was used in Mr. Olmeda's case, even if the word "also" would have been sufficient.[2] The district court below used the word "each" in the plea colloquy, the same word used in the plea agreement. As commonly understood, "each" means "being one of two or more distinct individuals having a similar relation and often constituting an aggregate: this as well as that or the next or any other of two or more separate but similar individuals." Webster's Third International Dictionary 713 (unabridged 2002 ed.). Nothing in the definition of the word, or in the context it was used here, conveyed the message to a layman that "each" may be added together or made consecutive or cumulative.

Appellant notes that United States v. Burney, 75 F.3d 442 (8th Cir. 1996), reached a contrary conclusion, holding that "by explicitly informing Burney twice that the maximum term of imprisonment for *each* of the three counts was ten years," id. at 445, Burney "implicitly" knew the terms could be made consecutive to each other, even though that same advisement "could seem misleading" depending on the context.

---

[2] Appellant does not suggest that the use of the word "also" would be sufficient.

22

Id.[3]  The court in Burney took for granted that the word "each" conveyed the meaning

---

[3] The Burney analysis was as follows:

Burney further contends that the district court itself misled him into believing that he faced no more than ten years total imprisonment when it informed him that the maximum term of imprisonment for each count was ten years.  By failing to warn him of the possibility of consecutive sentencing, Burney asserts that the district court failed to inform him of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law" as required by Fed. R. Crim. P. 11(c)(1).

We believe, however, that the district court fulfilled its Rule 11(c) obligations by explicitly informing Burney twice that the maximum term of imprisonment for each of the three counts was ten years. [FN3]  Rule 11 does not require the sentencing court to inform the defendant of the applicable guideline range or the actual sentence he will receive. Thomas v. United States, 27 F.3d 321, 324 (8th Cir. 1994) (holding that defendant had no right to be specifically apprised of effect of career offender provision on his sentencing range). "The defendant's right to be apprised of the court's sentencing options is no greater than the provisions of Fed. R. Crim. P. 11(c)(1), which requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Id.

---

[FN3] District court: "You understand that these are the maximums as provided by law as to each of these three counts?"
Burney: "Yes, sir, I do." [tr. p. 27].
District court: "It's no time in jail up to ten years as to each of the three counts." [tr. p. 29].

To the extent that the sentencing court is obligated under the terms of Rule 11(c)(1) to disclose the possibility of consecutive sentencing in order to fully apprise the defendant of the mandatory minimum and the maximum possible penalty provided by law, we

of consecutive without bothering to analyze it.  Mr. Olmeda submits that neither the word "each" nor the context here demonstrates that he understood "each" also to mean "consecutive."

Burney is distinguishable and unpersuasive.  If this Court finds it cannot distinguish Burney, Mr. Olmeda suggests that it was poorly reasoned and erroneous, and it should not be followed.  Moreover, to Appellant's knowledge, no other circuit court decision appears to have followed Burney on these facts.

This record does not confirm that Mr. Olmeda understood he was facing a sentence of 150 years' imprisonment.  Accordingly, the district court committed reversible plain error.

---

believe that the district court implicitly did so by telling Burney that ten years was the maximum term of imprisonment for each of the three counts.  See United States v. Hamilton, 568 F.2d 1302, 1306 (9th Cir.) (per curiam), cert. denied, 436 U.S. 944, 98 S. Ct. 2846, 56 L. Ed. 2d 785 (1978).  (Court's warning that defendant was subject to a possible 15-year sentence as to each of two counts implicitly alerted defendant to the possibility of consecutive sentencing).  Taken out of context, the district court's statement that the maximum possible sentence on each count could not exceed ten years could seem misleading.  But when we examine the plea colloquy in its entirety, we are satisfied that the district court fully informed Burney of the consequences of his pleas.  As such, we conclude that the district court did not abuse its discretion in concluding that Burney has failed to establish a fair and just reason for withdrawing his guilty pleas.

75 F.3d at 445.

CONCLUSION

For the reasons stated above, this Court should reverse and remand, permitting

Mr. Olmeda to withdraw his pleas.

Respectfully submitted,
RANDOLPH P. MURRELL
Federal Public Defender

By: _____
CHET KAUFMAN
Assistant Federal Public Defender
Florida Bar No. 0814253
227 N. Bronough Street, Suite 4200
Tallahassee, Florida 32301
Telephone: (850) 942-8818
FAX: (850) 942-8809
Attorney for Appellant

25

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing has been furnished to this Court electronically in Acrobat format by Internet upload; and in written format, by U. S. Mail, to Assistant United States Attorney Lennard B. Register, III, U. S. Attorney's Office, 21 E. Garden St., Suite 400, Pensacola, FL 32502-5675, and to Mr. Keith E. Olmeda, Reg. No. 20651-017, U.S.P. Tucson, P.O. Box 24550, Tucson, AZ  85734, on this 20th day of April, 2010.

_____
CHET KAUFMAN
Assistant Federal Public Defender