# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## 10-10600-CC

---

## UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

## KEITH EDWARD OLMEDA,
Defendant-Appellant.

---

## BRIEF OF PLAINTIFF-APPELLEE
## UNITED STATES OF AMERICA

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

---

**THOMAS F. KIRWIN**
United States Attorney


**LENNARD B. REGISTER, III**
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 0264970
21 E. Garden Street, Suite 400
Pensacola, FL 32502-5675
(850) 444-4000

ECCA NO. 10-10600-C          <u>United States v. Keith Edward Olmeda</u>
DC NO. 1:09cr030/SPM

## **CERTIFICATE OF INTERESTED PERSONS**

JOHNSON, DARREN J.; ASSISTANT FEDERAL PUBLIC DEFENDER

KAUFMAN, CHET; ASSISTANT FEDERAL PUBLIC DEFENDER

KIRWIN, THOMAS F.; UNITED STATES ATTORNEY

KORNBLUM, THE HONORABLE ALLAN P.; U.S. MAGISTRATE JUDGE

MICKLE, THE HONORABLE STEPHAN P.; CHIEF U.S. DISTRICT JUDGE

MOINE, PAMELA A.; ASSISTANT UNITED STATES ATTORNEY

OLMEDA, KEITH EDWARD; DEFENDANT/APPELLANT

REGISTER, LENNARD B., III; ASSISTANT UNITED STATES ATTORNEY

WILLIAMS, FRANCIS T.; ASSISTANT UNITED STATES ATTORNEY

I HEREBY CERTIFY that the above constitutes a complete list of interested

persons to this appeal as described in Rules of the United States Court of Appeals

for the Eleventh Circuit Rev. (04/01/10), 11th Cir. R. 28-1(b), and 11th Cir. R. 26.1-

1.


_____
LENNARD B. REGISTER, III
Assistant United States Attorney


C-1of 1

## STATEMENT REGARDING ORAL ARGUMENT

The government believes the issues and arguments are adequately addressed in the briefs, and therefore, does not request oral argument.

# TABLE OF CONTENTS

PAGE(S)

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . C-1 of 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF RECORD REFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      (i)    Course of Proceedings and
            Facts in the Court Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      (ii)   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT AND CITATIONS OF AUTHORITY . . . . . . . . . . . . . . . . . . . . 12

      THE DEFENDANT WAS FULLY INFORMED AS TO
      THE  MAXIMUM POSSIBLE SENTENCE, NOT ONLY
      BY HIS PLEA AGREEMENT, BUT ALSO BY THE
      COURT DURING HIS RULE 11 PLEA COLLOQUY,
      AND  HIS SUBSTANTIAL RIGHTS WERE NOT
      AFFECTED BY OBVIOUS ERROR INASMUCH AS
      HE EXPRESSED NO CONFUSION REGARDING THE

CONSEQUENCES OF HIS PLEA AND RAISED NO
OBJECTION TO THE LAWFUL SENTENCE IMPOSED. . . . . . . . . . . 12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

INDEX OF SUPPLEMENTAL EXPANDED RECORD EXCERPTS  . . . . . . . 24

## TABLE OF CITATIONS

CASES:                                                          PAGE(S)

Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621(1977)  . . . . . . . . . . . . . . . . . . . 15

Downs-Morgan v. United States, 765 F.2d 1534 (11th Cir. 1985)  . . . . . . . . . . . 15

Holmes v. United States, 876 F.2d 1545 (11th Cir. 1989) . . . . . . . . . . . . . . . . . .  15

Johnson v. United States, 520 U.S. 461, 117 S.Ct. 1544 (1997) . . . . . . . . . . . 8, 13

Jones v. United States, 527 U.S. 373, 119 S.Ct. 2090 (1999) . . . . . . . . . . . . . . . 13

Paradiso v. United States, 482 F.2d 409 (3rd Cir. 1973)  . . . . . . . . . . . . . . . . . . 20

Puckett v. United States, 556 U.S. ___, 129 S. Ct. 1423 (2009) . . . . . . . . . .  8, 13

United States v. Barrett, 514 F.2d 1241 (5th Cir. 1975) . . . . . . . . . . . . . . . . . . . 16

United States v. Bejarano, 249 F.3d 1304 (11th Cir. 2001) . . . . . . . . . . . . . . . . . 7

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005)  . . . . . . . . . . . . . viii

United States v. Brown, 586 F.3d 1342 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . 7

*United States v. Burney, 75 F.3d 442 (8th Cir. 1996)  . . . . . . . . . . . . . . . . . . .  19

*United States v. Camacho, 233 F.3d 1308 (11th Cir. 2000) . . . . . . . . . . . . . . . 7, 21

United States v. Cardenas, 230 Fed.Appx. 933 (11th Cir. 2007)  . . . . . . . . . . . . . 16

*United States v. Castro, 455 F.3d 1249 (11th Cir. 2006) . . . . . . . . . . . . . . . . . 8, 14

United States v. Chau, 426 F.3d 1318 (11th Cir.  2003)  . . . . . . . . . . . . . . . . . . . 14

*United States v. Covington, 2007 WL 1174131 (M.D.Fla. April 18, 2007) . . . . 20

iv

United States v. Gonzalez-Mercado, 808 F.2d 796 (11th Cir. 1987) . . . . . . . . . . . 15

*United States v. Hamilton, 568 F.2d 1302, 1304-05 (9th Cir. 1978) . . . . . . . . . 19

*United States v. Humphrey, 164 F.3d 585 (11th Cir. 1999) . . . . . . . . . 8, 13, 18-20

United States v. Jones, 143 F.3d 1417 (11th Cir. 1998) . . . . . . . . . . . . . . . . . 20-21

United States v. LeCroy, 441 F.3d 914 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . 8

United States v. Lejarde-Rada, 319 F.3d 1288 (11th Cir. 2003) . . . . . . . . . . . . . . 8

United States v. Medlock, 12 F.3d 185 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . 15

United States v. Moreno, 421 F.3d 1217 (11th Cir. 2005) . . . . . . . . . . . . . . . . 8, 13

United States v. Moriarity, 429 F.3d 1012 (11th Cir. 2005) . . . . . . . . . . . . . . . . . 7

*United States v. Ospina, 18 F.3d 1332 (6th Cir. 1994) . . . . . . . . . . . . . . . . . 19-20

United States v. Reid, 256 Fed.Appx. 317(11th Cir. 2007) . . . . . . . . . . . . . . . . . 16

United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005) . . . . . . . . . . . . . . . . 13

United States v. Rogers, 848 F.2d 166 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . 15

*United States v. Saldana, 505 F.2d 628 (5th Cir. 1974) . . . . . . . . . . . . . . . . . . 19

United States v. Siegel, 102 F.3d 477 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . 18

United States v. Silvestri, 409 F.3d 1311 (11th Cir. 2005) . . . . . . . . . . . . . . . . . 13

United States v. Stitzer, 785 F.2d 1506 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . 16

United States v. Turner, 474 F.3d 1265 (11th Cir. 2007) . . . . . . . . . . . . . . . . . 8-9

*United States v. Vermeulen, 462 F.2d 72 (2nd Cir. 1970) . . . . . . . . . . . . . . . . . 19

UNITED SATES CODE:

18 U.S.C. § 2251(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2251(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  viii

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

OTHER AUTHORITIES:

11th Cir. R. 28-1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 1

11th Cir. R. 26.1-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 1

*Fed.R.Crim.P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, 1, 4-5, 7, 10-21

U.S.S.G. § 5G1.2(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 16

## TABLE of RECORD REFERENCES in the BRIEF

| Brief Page # | | Docket # |
| --- | --- | --- |
| 2 | Indictment | 1 |
| 4 | Consent to Plea Before Magistrate Judge | 17 |
| 2, 5, 14, 20 | Plea Agreement | 18 |
| 4 | Statement of Facts | 19 |
| 2 | Report and Recommendation | 20 |
| 6, 16 | Defendant's Sentencing Memorandum | 24 |
| 6, 16 | Defendant's Supplemental Sentencing Memorandum | 26 |
| 7 | Judgment | 28 |
| 7 | Notice of Appeal | 30 |
| 2, 4-5, 14-15, 20 | Transcript of Change of Plea | 39 |
| 6-7, 17, 21 | Transcript of Change of Sentencing | 40 |
| 5-6, 16, 20-21 | Presentence Investigation Report | Sealed Exh |

## <u>STATEMENT OF JURISDICTION</u>

Pursuant to 28 U.S.C. § 1291, the Court of Appeals has jurisdiction of appeals from all final decisions of the district courts of the United States except where a direct review may be had in the Supreme Court.

Pursuant to 18 U.S.C. § 3742(a) a defendant may appeal a sentence that is imposed in violation of law or that is "unreasonable with regard to [18 U.S.C.] § 3553(a)." <u>United States v. Booker</u>, 543 U.S. 220, 258-63, 125 S.Ct. 738, 764-66 (2005).

Pursuant to 18 U.S.C. § 3231, the district court had jurisdiction to preside over this case.

viii

<u>STATEMENT OF THE ISSUE</u>

WHETHER THE DEFENDANT WAS FULLY INFORMED AS TO THE

MAXIMUM POSSIBLE SENTENCE, NOT ONLY BY HIS PLEA

AGREEMENT, BUT ALSO BY THE COURT DURING HIS RULE 11 PLEA

COLLOQUY, AND WHETHER HIS SUBSTANTIAL RIGHTS WERE

AFFECTED BY OBVIOUS ERROR IN LIGHT OF THE FACT THAT HE

EXPRESSED NO CONFUSION REGARDING THE CONSEQUENCES OF HIS

PLEA AND RAISED NO OBJECTION TO THE LAWFUL SENTENCE

IMPOSED?

## STATEMENT OF THE CASE

### (i)    Course of Proceedings and Dispositions in the Court Below[1]

The defendant was indicted by a federal grand jury in the Northern District

of Florida and charged with five counts of Production of Child Pornography , in

violation of 18 U.S.C. §§ 2251(a) and (e).  (R1).[2]  On November 12, 2009, the

defendant entered his plea of guilty pursuant to a plea agreement with the

government.  (R18; R20; R39-27).  The plea agreement provided that "**each**

**count**" of the five count indictment was "punishable by a minimum of fifteen (15)

years imprisonment and a maximum possible penalty of thirty (30) years

imprisonment."  (emphasis added) (R18-1).  At the entry of the plea, the parties

filed a Statement of Facts which stipulated as follows:

> This Statement of Facts is submitted on behalf of all parties.
> All parties agree that if this case were to go to trial, the United States
> could produce competent, substantial evidence to prove that the
> defendant is guilty of the offenses charged in his pending Indictment.
> The facts would establish the following:
>
> This case stems from an local investigation in Gainesville,
> Florida following a child's disclosure to his custodial father that his
> mother's boyfriend sexually assaulted him and his three sisters.  The

---

[1]All facts necessary to resolve the issue raised on appeal are contained in this
section.

[2]Record citations are to document and, if necessary, page.

children have been interviewed and confirmed sexual abuse by their mother's live-in boyfriend, KEITH EDWARD OLMEDA.

On May 18, 2009, defendant Keith Olmeda was arrested in Alachua County on state charges related to capital sexual battery on four children under twelve and lewd and lascivious contact with a child under 12.  Two of the children had stated to DCF investigators on video tape that they were sexually abused, together and separately, while in Olmeda's care at various locations in Alachua County.  At least one child also stated he was shown pornographic images by Olmeda.  These offenses occurred between 2005 and 2007.  During an interview with law enforcement officers, defendant Olmeda admitted limited sexual contact with three of the children.

In July 2009, defendant OLMEDA's former girlfriend, Tiffany Wood, located defendant OLMEDA's camera in a  residence they shared together in Port Orange, Florida.  She intended to keep the digital camera/camcorder for herself.  She noticed there was a memory card in the camera and she turned the camera on and viewed ten videos saved onto the memory card disk.  She watched the videos and observed children being sexually abused by Keith Olmeda.  She recognized Olmeda's voice and portions of his body which appear in several of the videos.  She contacted the Alachua County Sheriff's Office (ASO).

An ASO investigator drove to Port Orange later that day and met with Ms. Wood.  With her consent, the investigator  retrieved the camera and memory card directly from Ms. Wood.  A federal search warrant was obtained in Alachua County to search the devices in state law enforcement custody.  A forensic examination resulted in the identification of numerous video files depicting children engaged in sex with an adult male as well as themselves.  The children are between five and ten years of age.

The video files were dated using metadata associated with the creation of each file by the video camera.  The camera and memory card were manufactured in China.  The camera is a blue DXG 3.0

megapixel digital camera/camcorder serial number A65109641. The memory card is a blue San Disk 512 mb memory card.

The video images on the memory card were analyzed by a computer forensics expert. The videos each include sexual acts involving the children occurring on five separate dates. Defendant Olmeda's body can be seen in the videos, and his voice can be heard directing the children. The children have been identified by their biological mother and other relatives. The children are all younger than 12 years old in the videos. Two eyewitnesses identify the defendant in the videos by his voice and physical characteristics. The children refer to the defendant as "Dad" in the videos. The locations where the videos were created have been identified as being in Alachua County, Northern District of Florida. The five dates and corresponding video file names are described as follows:

| August 11, 2006 | MPEG0063.ASF and MPEG0061.ASF |
|---|---|
| August 19, 2006 | MPEG0067.ASF |
| August 26, 2009 | MPEG0069.ASF |
| September 3, 2006 | MPEG0071.ASF, MPEG0073.ASF, and MPEG0076.ASF |
| September 10, 2006 | MPEG0080.ASF |

(R19).

At the beginning of the Rule 11 plea colloquy, conducted by a magistrate judge with the defendant's consent, the defendant was placed under oath. (R17; R39-2-3). The defendant was cautioned that it was "vital that you understand everything that goes on in these proceedings." (R39-3). The defendant swore that he had discussed his case thoroughly with his lawyer; had discussed his decision to

4

plead guilty; and had discussed the Plea Agreement and whether he should accept it. (R39-4, 25). He further assured the magistrate judge that he was able to understand all the documents his lawyer had shared with him. (R39-6). The defendant had fully discussed the indictment with his lawyer. (R39-7). The magistrate specifically discussed the penalties faced by the defendant upon his plea of guilty. (R39-12). The magistrate judge told the defendant, "[t]he penalty you face **on each of the five counts** is a minimum of at least 15 years to a maximum of 30 years imprisonment... ." (emphasis added) (R39-12). The judge asked the defendant, "[d]o you understand these penalties, Mr. Olmeda?" (R39-13). Under oath, the defendant replied, "yes." (<u>Id.</u>). The defendant swore that there was nothing in the Plea Agreement (R18) that he did not understand. (R39-22). The defendant gave further sworn assurance that he understood all the conditions of the Plea Agreement and the consequences to him under the agreement. (R39-23). The defendant stated he understood everything that had transpired during the Rule 11 colloquy and that he had no questions about anything in the proceeding. (R39-26).

A presentence report (PSR) was prepared prior to sentencing. (R38). On the very first page, it noted "Counts 1-5....Maximum **Penalties**: 15-30 years imprisonment". (emphasis added) (PSR, p. 1). The PSR calculated the defendant's advisory guidelines range as life imprisonment, resulting from a total

5

offense level of 47 and a criminal history category of I.  (PSR, ¶¶40, 44, 62).

Citing U.S.S.G. §5G1.2(d), the PSR also noted that it would be necessary to run

the sentences consecutively on one or more counts to the extent necessary to equal

the total punishment to be imposed, if the sentence imposed on the count carrying

the highest statutory maximum was less than the total punishment to be imposed.

(PSR, ¶62).  The defendant had no objections to the computation of his advisory

guidelines range and asked the district court to adopt the PSR after only a

modification of the defendant's reported legal address.  (R24-4; R40-2).

The PSR reported that after graduating high school, the defendant attended

the Brick Computer Science Institute where he became certified as a computer

technician for computer repair.  (PSR, ¶55).  Working one place as a fast food

cook, the defendant also worked several jobs in retail sales, serving as a

clerk/manager at a boutique in Daytona, Florida.  (PSR, ¶56).

Prior to sentencing, the defendant filed a sentencing memorandum in which

he suggested an appropriate sentence would be 360 months imprisonment "**on

each count to run concurrent with each other**, for a total of 360 months."

(emphasis added) (R24-2).  At least three more times in his sentencing

memorandum, the defendant requested a "concurrent sentence."  (R24-4-5, 8-9).

In his supplemental sentencing memorandum (R26), the defendant, again,

6

requested the district court "to impose a term of imprisonment of **360 months for each count of conviction to run concurrently**."  (emphasis added) (R26-3).

At sentencing, the defendant repeated his request for "a concurrent sentence" and offered the district court guidance in its consideration of "concurrent versus consecutive sentences."  (R40-3-4).  After this presentation by his lawyer, the defendant personally addressed the district court.  (R40-5-6).  In his remarks, the defendant expressed no concern or confusion regarding what his lawyer meant in discussing "concurrent versus consecutive sentences."  (Id.).  Following the district court's imposition of five consecutive 30 year sentences "for a term of 150 years," the defendant raised no objections to the sentence and had no objections to the district court's findings of fact or conclusions of law.  (R40-15-16).

The defendant filed a timely notice of appeal and remains incarcerated. (R28; R30).

### (ii)    Standard of Review

Because the defendant did not object in district court to the Rule 11 colloquy,  move to withdraw his plea, or object to the sentence imposed, this Court reviews for plain error.  United States v. Brown, 586 F.3d 1342, 1345 (11th Cir. 2009).  See also United States v. Bejarano, 249 F.3d 1304, 1306 (11th Cir. 2001) (per curiam); United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (per

curiam); United States v. Camacho, 233 F.3d 1308, 1313 (11th Cir. 2000).

Arguments raised for the first time on appeal, are reviewed for plain error.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); see also Puckett v. United States, 129 S.Ct. 1423, 1428-29 (2009).  Under the plain error test, before an appellate court can correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. . . .  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 1549 (1997)(internal citations and quotations omitted); accord United States v. LeCroy, 441 F.3d 914, 930 (11th Cir. 2006).  Proof of plain error involves not only a showing of harm, but also proof that the error was so conspicuous that the judge and prosecutor were derelict in countenancing it.  United States v. Turner, 474 F.3d 1265, 1275-76 (11th Cir. 2007)(internal quotations and citations omitted).  An error is not plain unless it is obvious and clear under current law.  United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999).  To qualify as plain error, it must be contrary to precedent from this Court or the Supreme Court directly resolving a legal issue.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003); United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006)(per curiam). The

8

defendant bears the burden to show prejudice or an effect on substantial rights.

Turner, 474 F.3d at 1276.

## SUMMARY OF THE ARGUMENT

**THE DEFENDANT WAS FULLY INFORMED AS TO THE  MAXIMUM POSSIBLE SENTENCE, NOT ONLY BY HIS PLEA AGREEMENT, BUT ALSO BY THE COURT DURING HIS RULE 11 PLEA COLLOQUY, AND HIS SUBSTANTIAL RIGHTS WERE NOT AFFECTED BY OBVIOUS ERROR INASMUCH AS  HE EXPRESSED NO CONFUSION REGARDING THE CONSEQUENCES OF HIS PLEA AND RAISED NO OBJECTION TO THE LAWFUL SENTENCE IMPOSED**.

As he swore to the magistrate judge during the Rule 11 colloquy, the defendant was clearly on notice regarding the consequences of his plea. He was admonished by the plea agreement and by the court, during the acceptance of his plea, that each of the five counts carried up to thirty years imprisonment as a maximum possible penalty.  Before sentencing his lawyer argued repeatedly for a concurrent sentences on each of the counts.  The defendant voiced no confusion whatsoever to the district court, prior to the pronouncement of sentence, regarding his lawyer's argument for concurrent, instead of consecutive sentences.  No evidence of record exists to suggest the defendant did not fully understand the consequences of his guilty plea; that consecutive sentences were a possibility.

10

The explicit language of Rule 11 does not require district courts to admonish defendants facing multiple counts of conviction that consecutive sentences may be imposed at the court's discretion.  No precedent from this Court, or the Supreme Court, requires such a warning as part of a Rule 11 colloquy. Accordingly, the defendant has failed to meet the second prong of the plain error test requiring clear and obvious error.  He also has failed to meet prongs three and four, inasmuch as he has not demonstrated his substantial rights were affected, or that the fairness, integrity or public confidence in judicial proceedings has been impugned by a faulty Rule 11 colloquy.  Having failed to object in district court, and having failed to establish plain error, his conviction and judgment should be affirmed.

11

## ARGUMENT AND CITATIONS OF AUTHORITY

**THE DEFENDANT WAS FULLY INFORMED AS TO THE MAXIMUM POSSIBLE SENTENCE, NOT ONLY BY HIS PLEA AGREEMENT, BUT ALSO BY THE COURT DURING HIS RULE 11 PLEA COLLOQUY, AND HIS SUBSTANTIAL RIGHTS WERE NOT AFFECTED BY OBVIOUS ERROR INASMUCH AS HE EXPRESSED NO CONFUSION REGARDING THE CONSEQUENCES OF HIS PLEA AND RAISED NO OBJECTION TO THE LAWFUL SENTENCE IMPOSED**.

The defendant contends, for the first time on appeal, that he was not specifically warned in the Rule 11 plea colloquy that the district court could, in its discretion, impose consecutive sentences for his five counts of conviction, each carrying a maximum of 30 years imprisonment, for a total of 150 years incarceration. (Defendant's Brief (DB) at 8-12). He argues this Court "should presume" a reasonable probability that, but for "this error," he would not have entered the plea. (DB at 9). He also suggests this prejudice "can be inferred form this record." (Id.). He cites no precedent from this Court, or the Supreme Court, imposing a requirement that district courts warn defendants with multiple counts of conviction of the possibility of discretionary consecutive sentences. He concedes this issue is to be reviewed for plain error. (DB at 6-7).

12

As he concedes, having waited until his appeal to raise his claim of a faulty Rule 11 colloquy, the issue can only be reviewed for plain error.  <u>Moreno</u>, 421 F.3d at 1220; <u>Puckett</u>, 129 S.Ct. at 1428-29.  Plain error is "an extremely high standard of review," <u>United States v. Silvestri</u>, 409 F.3d 1311, 1337 n.17 (11th Cir. 2005), which should be exercised "sparingly."  <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005); <u>quoting</u> <u>Jones v. United States</u>, 527 U.S. 373, 389, 119 S.Ct. 2090, 2102 (1999).

Under the plain error test, before an appellate court can correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. . . .  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Johnson</u>, 520 U.S. at 467, 117 S.Ct. at 1549.  An appellate court's "power to review for plain error is limited and circumscribed. . . [and] the plain error rule places a daunting obstacle before the defendant."  <u>Rodriguez</u>, 398 F.3d at 1298 (internal quotations omitted).

As to the second prong of the plain error test, "[a] plain error is an error that is 'obvious' and is 'clear under current law.' " <u>Humphrey</u>, 164 F.3d at 588. "When 'the explicit language of a statute or rule does not specifically resolve an

13

issue, there can be no plain error where there is no precedent from the Supreme

Court or this Court resolving it.' " <u>Castro</u>, 455 F.3d at 1253; <u>quoting</u> <u>United States</u>

<u>v. Chau</u>, 426 F.3d 1318, 1322 (11th Cir. 2003)(<u>per</u> <u>curiam</u>). The explicit language

of Rule 11 does not require the district court to specifically warn defendants of the

possibility that sentences may be imposed consecutively for multiple counts of

conviction. The defendant fails to cite any precedent from this Court, or the

Supreme Court, requiring such an explicit warning. There being none, he fails to

meet the requirements of the second prong of the plain error test, inasmuch as the

explicit language of Rule 11 requires no such warning.

    Here, the record is very clear. The plea agreement provided that "**each**

**count**" of the five count indictment was "punishable by a minimum of fifteen (15)

years imprisonment and a maximum possible penalty of thirty (30) years

imprisonment." (emphasis added) (R18-1). During a very thorough Rule 11 plea

colloquy, the magistrate judge told the defendant, "[t]he penalty you face **on each**

**of the five counts** is a minimum of at least 15 years to a maximum of 30 years

imprisonment... ." (emphasis added) (R39-12). The judge asked the defendant,

"[d]o you understand these penalties, Mr. Olmeda?" (R39-13). Under oath, the

defendant replied, "yes." (<u>Id.</u>). The defendant swore that there was nothing in the

Plea Agreement (R18) that he did not understand. (R39-22). The defendant gave

14

further sworn assurance that he understood all the conditions of the Plea

Agreement and the consequences to him under the agreement.  (R39-23).  The

defendant stated he understood everything that had transpired during the Rule 11

colloquy and that he had no questions about anything in the proceeding.  (R39-26).

A defendant's statements during a Rule 11 colloquy as well as any findings

made by the judge accepting the pleas constitute a formidable barrier in any

subsequent collateral proceedings.  Blackledge v. Allison, 431 U.S. 63, 73-74, 97

S.Ct. 1621, 1629 (1977); cf. Holmes v. United States, 876 F.2d 1545, 1550 (11th

Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and

understanding nature of plea).  Solemn declarations made under oath in open court

carry a strong presumption of verity.  Blackledge, 431 U.S. at 73-74, 97 S.Ct. at

1629; United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  They are

presumptively trustworthy and are considered conclusive absent compelling

evidence showing otherwise.  Blackledge, 431 U.S. at 73-74, 97 S.Ct. at 1629; see

also United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987);

Downs-Morgan v. United States, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985).

Consequently, a defendant "bears a heavy burden to show his statements [under

oath] were false."  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988);

United States v. Reid, 256 Fed.Appx. 317, 320 (11th Cir. 2007); United States v.

15

Cardenas, 230 Fed.Appx. 933, 935 (11th Cir. 2007). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stitzer, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)). Defendant has not born his burden of showing that he swore falsely.

Citing U.S.S.G. §5G1.2(d), the PSR also noted that it would be necessary to run the sentences consecutively on one or more counts to the extent necessary to equal the total punishment to be imposed, if the sentence imposed on the count carrying the highest statutory maximum was less than the total punishment to be imposed. (PSR, ¶62). Prior to sentencing, the defendant filed a sentencing memorandum in which he suggested an appropriate sentence would be 360 months imprisonment "**on each count to run concurrent with each other**, for a total of 360 months." (emphasis added) (R24-2). At least three more times in his sentencing memorandum, the defendant requested a "concurrent sentence." (R24-4-5, 8-9). In his supplemental sentencing memorandum (R26), the defendant, again, requested the district court "to impose a term of imprisonment of **360 months for each count of conviction to run concurrently**." (emphasis added) (R26-3). In short, there is nothing in this record, prior to sentencing, which

16

suggests any confusion by the defendant about whether consecutive sentences were indeed possible.

At sentencing, the defendant repeated his request for "a concurrent sentence" and offered the district court guidance in its consideration of "concurrent versus consecutive sentences." (R40-3-4). After this presentation by his lawyer, the defendant personally addressed the district court. (R40-5-6). In his remarks, the defendant expressed no concern or confusion regarding what his lawyer meant in discussing "concurrent versus consecutive sentences." (Id.). Following the district court's imposition of five consecutive 30 year sentences "for a term of 150 years," the defendant raised no objections to the sentence and had no objections to the district court's findings of fact or conclusions of law. (R40-15-16). There is a total absence of anything in this record which supports even the slightest suggestion that error, much less plain error, was committed by the district court; that but for that error, the defendant would not have entered his plea of guilty; that the defendant's substantial rights have been affected; or that the fairness, integrity, or public reputation of judicial proceedings has been impugned by a faulty Rule 11 colloquy in this case. No evidence supports the defendant's claim of prejudice and it cannot be presumed or inferred from this record. He has wholly failed to demonstrate that, but for a plain error, he would not have entered his plea of guilty.

17

The defendant argues that <u>United States v. Siegel</u>, 102 F.3d 477 (11th Cir. 1996) and "the plain language of Rule 11 should be considered controlling." (DB at 20). <u>Siegel</u> is factually distinguishable in several ways. In <u>Siegel</u>, the district court made some egregious mistakes in accepting Siegel's guilty plea. The district court failed to advise the defendant during the Rule 11 colloquy of the twenty year maximum sentences he could receive on each of three counts of the indictment; that the defendant faced a five year mandatory minimum sentence on another count; and that he faced a mandatory minimum 20 year sentence, to be served consecutively to the sentence in all other counts, for his final count of conviction. <u>Siegel</u>, 102 F.3d at 482. In <u>Siegel</u>, the district court refused to allow Siegel to withdraw his plea on all but one count prior to sentencing. (<u>Id.</u> at 480). The <u>Siegel</u> Rule 11 colloquy errors were reviewed on direct appeal for harmless error. (<u>Id.</u> at 481). <u>Siegel</u> offers few, if any, parallels with this case and is far from controlling as to the issue of whether an explicit warning of the possibility of discretionary consecutive sentences was required here. Because <u>Siegel</u> is not materially similar to this case, no plain error based on <u>Siegel</u> is present in this appeal. <u>See</u> <u>Humphrey</u>, 164 F.3d at 588.

In <u>United States v. Humphrey</u>, 164 F.3d 685 (11th Cir. 1999), this Court found no plain error when the district court failed to advise the defendant during

18

his Rule 11 colloquy that his sentences on two counts of conviction must be served consecutively.  If the failure to advise regarding the requirement of consecutive sentences is not plain error, the failure to explicitly note the possibility of consecutive sentences, clearly does not qualify as plain error.  The defendant cites no authority from this Court, or the Supreme Court, to the contrary.  Appellee knows of none.  See also United States v. Saldana, 505 F.2d 628, 628 (5th Cir. 1974) (no violation of Rule 11 when district court fails to tell defendant that the sentence to be imposed would be consecutive to the sentence he was already serving); United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996) (no requirement to tell defendant about mandatory consecutive sentences); United States v. Vermeulen, 462 F.2d 72, 75 (2nd Cir. 1970) (no requirement to inform defendant that multiple sentences might, at the discretion of the district court, be served consecutively); United States v. Ospina, 18 F.3d 1332, 1334 (6th Cir. 1994) (no requirement in Fed.R.Crim.P. 11 that court must explicitly admonish  defendant that sentences may be imposed consecutively); United States v. Hamilton, 568 F.2d 1302, 1304-05 (9th Cir. 1978) (no requirement of explanation as to possibility of consecutive sentencing; court's power to impose consecutive sentences explained implicitly in the separate explanation of possible sentences "on each count" - citing Paradiso v. United States, 482 F.2d 409, 415 (3rd Cir. 1973); United States v.

19

Covington, 2007 WL 1174131 *2 (M.D.Fla. April 18, 2007) (Rule 11 does not

require defendant be explicitly informed of the possibility of consecutive sentences

- citing Humphrey, 164 F.3d 587 n.2; Ospina, 18 F.3d at 1344; Paradiso, 482 F.2d

at 415).  Here, the defendant was cautioned at least twice, before the plea was

accepted, that he faced up to thirty (30) years "on each count"; once in the Plea

Agreement, and once in the Rule 11 colloquy.  (R18-1; R39-12).  He told the

magistrate judge he understood the penalties.  (R39-13).  He swore that there was

nothing in the Plea Agreement (R18) that he did not understand.  (R39-22).  Under

oath, he assured the court that he understood all the conditions of the Plea

Agreement and the consequences to him under the agreement.  (R39-23).  He was

told again in the PSR that he faced "maximum penalties" (plural) for counts 1-5 of

up to thirty years (p. 1), and that sentences on individual counts may be imposed

consecutively to reach the total sentence to be imposed by the district court.  (PSR,

¶62).  Here, the defendant's advisory guidelines range was life.  (PSR, ¶¶40, 44,

62).  On the face of such a record, there can be doubt that the core principle of a

Rule 11 colloquy, that a defendant be aware of the consequences of his plea, has

been complied with.  See United States v. Jones, 143 F.3d 1417, 1420 (11th Cir.

1998); United States v. Camacho, 233 F.3d 1308, 1319-20 (11th Cir. 2000).

20

Here, the defendant, a certified computer repair technician, with retail sales management experience, never once mentioned any concern or confusion regarding what was meant by his lawyer's repeated argument for concurrent, instead of consecutive, sentences, in his remarks before sentencing to the district court.  (PSR, ¶¶55, 56; R24-2, 4-5, 8-9; R26-3; R40-3-6).

The defendant has failed to demonstrate that but for plain error during the Rule 11 colloquy, he would not have entered his plea.  Accordingly, he has not met the third prong of the test for plain error by demonstrating his substantial rights were affected.  Neither has he met the fourth prong, demonstrating that the fairness, integrity, or public confidence in judicial proceedings has been impugned by a faulty Rule 11 colloquy here.  The defendant has wholly failed to demonstrate plain error in the acceptance of his guilty plea on the face of this record.  The three core principles for a Rule 11 colloquy were all fully met in this case.  See Jones, 143 F.3d at 1418-19.

21

## <u>CONCLUSION</u>

For the above-stated reasons the United States respectfully requests that this

Court affirm the judgment and sentence of the district court.

Respectfully submitted,

THOMAS F. KIRWIN
United States Attorney


_____
LENNARD B. REGISTER, III
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 0264970
21 E. Garden Street, Suite 400
Pensacola, FL 32502-5675
(850) 444-4000

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing pleading has been mailed

to Chet Kaufman, Counsel for Appellant, at the Office of the Federal Public

Defender, 227 N. Bronough Street, Suite 4200, Tallahassee, Florida  32301-1300,

on  the 1st day of June, 2010.  Also on this day, the internet upload was completed

at

_____ central time.


_____
LENNARD B. REGISTER, III
Assistant United States Attorney

23

## <u>INDEX of EXPANDED/SUPPLEMENTAL  RECORD EXCERPTS</u>

The government has not filed Supplemental Expanded Record Excerpts with its brief pursuant to this Court's Instructions for Preparing Expanded Record Excerpts because all parts of the record referenced in its brief are contained in Appellant's Expanded Record Excerpts.